UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF ATLANTA, <br><br>            Plaintiff, <br><br>       v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION (n/k/a BANK OF AMERICA HOME LOANS); COUNTRYWIDE SECURITIES CORPORATION; COUNTRYWIDE HOME LOANS, INC; BANK OF AMERICA CORPORATION (as successor to the COUNTRYWIDE Defendants); J.P. MORGAN SECURITIES, LLC (f/k/a J.P. MORGAN SECURITIES, INC. and BEAR STEARNS & CO., INC.); UBS SECURITIES, LLC; and JOHN DOE DEFENDANTS 1-50, <br><br>            Defendants. | Case No.: <br><br><br><br> (State Court of Fulton County No. 11EV011779G) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1446, the

defendants that are signatories of this Notice of Removal (collectively, the

"Removing Defendants") hereby remove the above-captioned action (the

"Action") from the State Court of Fulton County, Georgia to the United States

District Court for the Northern District of Georgia, Atlanta Division.[1]  Pursuant to

28 U.S.C. §§ 1441 and 1452(a), this Court has original jurisdiction over the Action

under 12 U.S.C. § 1432(a) and 28 U.S.C. §§ 1331, 1332(a), and 1334(b).  As

grounds for removal, the Removing Defendants state as follows:

      1.     This Court has subject matter jurisdiction over the Action for

the following four reasons, each of which is an independent basis for removal:

(1) the Action is "related to" ongoing bankruptcy proceedings, 28 U.S.C.

§ 1334(b); (2) plaintiff Federal Home Loan Bank of Atlanta ("Plaintiff") is a

federally-chartered corporation authorized by Congress "to sue and be sued, to

complain and to defend, in any court of competent jurisdiction, State or Federal,"

12 U.S.C. § 1432(a); (3) each Removing Defendant asserts with respect to itself

and on information and belief with respect to the other Removing Defendants that

complete diversity exists among the parties and the amount in controversy exceeds

the value of $75,000, 28 U.S.C. § 1332; and (4) Plaintiff's allegations "arise

under" the laws of the United States, 28 U.S.C. § 1331.

---

[1]   The Removing Defendants appear for the purpose of removal only and for no other purpose, and do not waive, and expressly preserve, all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to service of process, jurisdiction, venue, and arbitrability.

## PROCEDURAL HISTORY AND BACKGROUND

2.      On or about January 18, 2011, Plaintiff filed a complaint (the "Complaint") in the State Court of Fulton County, Georgia (the "State Court") captioned *Federal Home Loan Bank of Atlanta v. Countrywide Financial Corp., et al.*, Civil Action No. 11EV011779G.

3.      On or after January 19, 2011, Plaintiff purported to serve the Complaint on Removing Defendants Countrywide Home Loans, Inc., Bank of America Corporation, and J.P. Morgan Securities, LLC.

4.      On or after January 20, 2011, Plaintiff purported to serve the Complaint on Removing Defendants Countrywide Securities Corporation and UBS Securities LLC.

5.      On or after January 21, 2011, Plaintiff purported to serve the Complaint on Removing Defendant Countrywide Financial Corporation.

6.      In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A.

7.      The Complaint alleges that Plaintiff purchased 30 different residential mortgage-backed securities ("RMBS") issued or underwritten in 30 separate offerings.  The Complaint names as defendants Countrywide Securities

3

Corporation, Countrywide Home Loans Inc., J.P. Morgan Securities, LLC, and UBS Securities LLC, and alleges that they each participated in certain of the offerings as either originator, seller, sponsor, or underwriter.[2]  The Complaint also purports to name 50 unidentified "John Doe" defendants.  Plaintiff alleges primarily that the offering documents relating to the RMBS at issue in the Action contained untrue or misleading statements concerning the mortgage loans underlying each separate RMBS.

8.    The Complaint asserts claims against the Removing Defendants arising under federal law, common law, the Georgia RICO Act and the Georgia Securities Act of 1973, based on alleged misstatements or omissions of material fact in connection with Plaintiff's alleged purchase of the RMBS at issue.  (Compl. ¶ 9.)

9.    The Removing Defendants' time to respond to the Summons and Complaint by answer or motion to dismiss has not expired, and no defendant has yet served or filed an answer or motion in response to the Complaint.

---

[2]    The Complaint names Countrywide Financial Corporation as a defendant solely in its capacity as parent of the other Countrywide defendants, and it also names Bank of America Corporation as a defendant solely as the alleged successor to the Countrywide defendants.  (Compl. ¶¶ 13, 20.)

10.     Because the Removing Defendants filed this Notice of Removal within thirty days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

### I.     "Related to" Bankruptcy Jurisdiction

11.     This Action may be removed under 28 U.S.C. § 1452(a) because this Court has federal "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b).

12.     Plaintiff's allegations are based in part on its alleged purchase of RMBS that were backed by mortgage loans originated or sold by entities that are in bankruptcy or that are subsidiaries of bankrupt entities.  Specifically, the following RMBS allegedly purchased by Plaintiff involve either bankrupt originators or bankrupt sellers:

| Offering | Bankrupt Originator/Seller(s) | Removing Defendant(s) |
|---|---|---|
| CWHL 2005-HYB6 | Aegis Mortgage Corporation | Countrywide Financial Corporation<br><br>Countrywide Securities Corporation<br><br>Countrywide Home Loans, Inc. |

| CWHL 2006-HYB2 | Alliance Bancorp<br><br>American Home Mortgage Corporation | Countrywide Financial Corporation<br><br>Countrywide Securities Corporation<br><br>Countrywide Home Loans, Inc. |
|---|---|---|
| CWHL 2006-HYB3 | American Home Mortgage Corporation | Countrywide Financial Corporation<br><br>Countrywide Securities Corporation<br><br>Countrywide Home Loans, Inc. |
| WFMBS-2007-9 | American Home Mortgage Corporation | Countrywide Financial Corporation |
| JPMMT 2006-A5 | American Home Mortgage Corporation | J.P. Morgan Securities, LLC |

13.     Each of the originators and/or sellers listed above has filed for bankruptcy protection.

(a)     On August 13, 2007, Aegis Mortgage Corporation filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, *In re Aegis Mortgage Corporation*, Case No. 07-11119, *et seq.*

The Aegis Mortgage bankruptcy proceedings are pending before United States Bankruptcy Judge Brendan Shannon.

(b)     On July 13, 2007, Alliance Bancorp filed a voluntary petition for reorganization under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 07-10942, *et seq.*  The Alliance Bancorp bankruptcy proceedings are pending before United States Bankruptcy Judge Christopher Sontchi.

(c)     On August 6, 2007, American Home Mortgage Holdings Inc. filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047, *et seq*.  The American Home bankruptcy proceedings are pending before United States Bankruptcy Judge Christopher Sontchi.

14.     Certain of these bankrupt originators and/or sellers made representations to the Removing Defendants listed above regarding, among other things, their respective loan underwriting standards and the nature of loan collateral for each of the above securities.  Pursuant to contractual agreements containing indemnification provisions and pursuant to statutory and common law, certain Removing Defendants have claims for indemnification and/or contribution

7

against the bankrupt originators and/or sellers for any actual or alleged material

misstatements or omissions regarding their underwriting practices and the

mortgage loans at issue.  Similarly, the estates of the bankrupt originators and/or

sellers may seek adjudication of claims against certain Removing Defendants,

among others, for indemnification and/or contribution arising out of the

underwriting and distribution of the RMBS at issue in this Action.

15.    "[A] civil proceeding is related to bankruptcy [when] the

outcome of the proceeding could conceivably have an effect on the estate being

administered in bankruptcy."  *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th

Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see*

*also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, No. 10-CV-07275

MRP (MANx), 2010 WL 5559973 (C.D. Cal. Dec. 29, 2010) (holding that a civil

proceeding can be related to a bankruptcy even when the bankruptcy plan has been

confirmed in the latter action).  This Action is related to the originator bankruptcies

because the allegations against the Removing Defendants listed above give rise to

indemnity and/or contribution claims against debtors in those bankruptcy

proceedings.[3]

---

[3]    Some courts have found that "related to" bankruptcy jurisdiction existed in
similar actions brought by other Federal Home Loan Banks, but have declined
to exercise such jurisdiction based on a weighing of equitable factors.  *See, e.g.*,

16.     Moreover, certain Removing Defendants have indemnification claims that are already ripe for adjudication because their agreements with the bankrupt originators and/or sellers provide indemnification for the costs (including legal fees) of defending suits, such as this one, that allege breaches of the originators' and sellers' representations and warranties regarding the characteristics of the mortgage loans and property valuations underlying the RMBS.

17.     Accordingly, this Action may be removed to this Court pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).  *See Stichting Pensioenfonds*, 2010 WL 5559973, at *4-6 (holding, in a case involving RMBS purchases, that defendants' indemnification claims against the bankrupt American Home Mortgage Corporation provided sufficient "related to" grounds for removal).

---

*Fed. Home Loan Bank of S.F. v. Deutsche Bank Sec., Inc.*, No. 10-3039 SC, 2010 WL 5394742, at *14 (N.D. Cal. Dec. 20, 2010) (agreeing with defendants that "related to" bankruptcy jurisdiction existed, but concluding that "the equities favor remand"); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, No. C10-0140, 2010 WL 3512503, at *6 (W.D. Wash. Sept. 1, 2010) (same); *see also Fed. Home Loan Bank of Chi. v. Banc of Am. Funding Corp.*, No. 10-CV-7560, 2011 WL 151842 (N.D. Ill. Jan. 18, 2011).  Putting aside whether such decisions were correct, the conclusions in those cases were based upon a fact-intensive analysis of the parties and transactions before the court, and they are not determinative of whether federal jurisdiction exists in this case.

18.     The claims asserted against the Removing Defendants are non-core, within the meaning of 28 U.S.C. § 157(b), and the Removing Defendants do not consent to entry of final orders or judgment by the bankruptcy judge(s).

## II.     Original Federal Jurisdiction Based on Plaintiff's Statutory Charter

19.     Plaintiff is a federally-chartered corporation, one of twelve Federal Home Loan Banks established by act of Congress under the Federal Home Loan Bank Act of 1932 ("FHLB Act").  (Compl. ¶¶ 10, 12.)  Plaintiff's chartering statute is codified in that Act.  *See* 12 U.S.C. § 1421, *et seq.*

20.     The FHLB Act provides that Plaintiff shall have power "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal."  12 U.S.C. § 1432(a).  The Supreme Court has held that such provisions confer original subject matter jurisdiction on federal courts.  *See, e.g.*, *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 255 (1992); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 785 (D.C. Cir. 2008).

21.     In *American National Red Cross*, the Supreme Court held that "a congressional charter's 'sue or be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts."  *Id.* at 255.  The Red Cross charter was "necessary and sufficient to confer jurisdiction"

in the federal courts because the charter has specific and express reference to federal courts in its "sue and be sued" provisions.  *Id.* at 252-57; *see also Pirelli*, 534 F.3d at 784.

22.     The FHLB Act similarly empowers banks created under it to "sue and be sued . . . in any court of competent jurisdiction, State or Federal." *Compare* 12 U.S.C. § 1432(a) *with* 33 Stat. 600, as amended, 36 U.S.C. § 2 (1992) (current version at 36 U.S.C. § 300105(a)(5)) ("State or Federal").  This Court therefore has original jurisdiction over the Action.  *See Pirelli*, 534 F.3d at 785-88 (citing *Grun v. Countrywide Home Loans, Inc.*, No. Civ.A.SA-03-CA-0141-XR, 2004 WL 1509088, at *2 (W.D. Tex. July 1, 2004); *Connelly v. Fed. Nat'l Mortgage Ass'n*, 251 F. Supp. 2d 1071, 1073 (D. Conn. 2003); *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 891 F. Supp. 371, 372 (S.D. Tex. 1994); *People's Mortgage Co. v. Fed. Nat'l Mortgage Ass'n*, 856 F. Supp. 910, 917 (E.D. Pa. 1994)); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693-97 (2003) (provision of the Fair Labor Standard Act stating "[a]n action to recover . . . may be maintained . . . in any Federal or State court of competent jurisdiction" provided sufficient basis for original federal jurisdiction); *In re Fannie Mae 2008 Sec. Litig.*, Nos. 08-CV-7831(PAC), 09-CV-1352 (PAC), 2009 WL 4067266, at *2-3 (S.D.N.Y. Nov. 24, 2009) (addressing the charter of Fannie Mae and noting

agreement with *Pirelli*); *Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797, 800 n.8 (E.D. Va. 2004) (noting in dicta that "12 U.S.C. § 3012(6) provides that the National Consumer Cooperative Bank [ ] has the ability to 'sue and be sued' in its corporate name 'in any court of competent jurisdiction, State or Federal,' thereby conferring federal subject matter jurisdiction over all claims against [it]"); *Roe v. O'Donohue*, 38 F.3d 298, 300 (7th Cir. 1994), *abrogated on other grounds*, 526 U.S. 344 (1999) (noting that "sue or be sued" provisions "create[] a species of federal-question jurisdiction").[4]

     23.    At least two United States District Courts have accepted removal of actions originally filed in state court based on the "sue and be sued" provision in the FHLB Act.  *See Ewing v. Fed. Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707, 709 (S.D. Iowa 2009) ("Plaintiff conceded . . . that 'the ground stated in the amendment is in fact a proper ground for federal jurisdiction,' and the Court, after reviewing the relevant case law, likewise became satisfied that it possessed jurisdiction over the present matter."); *see also* Notice of Removal in

---

[4]    Some district courts have declined to apply the *American National Red Cross* rule to the "sue or be sued" provision in the FHLB Act.  *See Fed. Home Loan Bank of Chi. v. Banc of Am. Funding Corp.*, No. 10-CV-7560, 2011 WL 151842 (N.D. Ill. Jan. 18, 2011); *Fed. Home Loan Bank of S.F. v. Deutsche Bank Sec., Inc.*, Nos. 10-3039 SC, 10-3045 SC, 2010 WL 5394742 (N.D. Cal. Dec. 20, 2010); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, No. C10-0140, 2010 WL 3512503, at *1–2 (W.D. Wash. Sept. 1, 2010).

*O'Connor Enter. Group, Inc. v. Spindustry Interactive Inc.*, No. 09-CV-01483

(S.D. Tex. May 18, 2009), at 1-2.

### III.    Diversity of Citizenship Jurisdiction

24.    This Action may be removed to this Court pursuant to 28

U.S.C. § 1441(a) on the basis of diversity of citizenship.  The Action satisfies the

complete-diversity requirement of 28 U.S.C. § 1332(a)(1).

25.    No defendant is a citizen of Georgia.

26.    Defendant Bank of America Corporation is a Delaware

Corporation with its principal place of business in North Carolina, and is therefore

a citizen of those states.

27.    Defendant Countrywide Financial Corporation is a Delaware

corporation with its principal place of business in California, and is therefore a

citizen of those states.

28.    Defendant Countrywide Securities Corporation is a California

corporation with its principal place of business in California, and is therefore a

citizen of that state.

29.    Defendant Countrywide Home Loans, Inc. is a California

corporation with its principal place of business in California, and is therefore a

citizen of that state.

30.     Defendant J.P. Morgan Securities, LLC is a Delaware limited liability company with its principal place of business in New York.  The sole member of J.P. Morgan Securities, LLC is J.P. Morgan Broker-Dealer Holdings Inc., which is a Delaware corporation with its principal place of business in New York.  J.P. Morgan Securities, LLC is therefore a citizen of Delaware and New York.

31.     Defendant UBS Securities LLC is a Delaware limited liability company with its principal place of business in Connecticut.  UBS AG and UBS Americas Inc. are the members of UBS Securities LLC.  UBS AG is a Swiss corporation with its principal place of business in Switzerland.  UBS Americas Inc. is a Delaware corporation with its principal place of business in Connecticut.  UBS Securities LLC is therefore a citizen of Delaware, Connecticut and Switzerland.

32.     Plaintiff is a citizen of Georgia, as it has been incorporated as a "body corporate" of the State of Georgia under the FHLB Act, and its organization certificate provides that it will be established in the State of Georgia and that the location of its principal office will be in Georgia.

33.     Plaintiff is also a citizen of Georgia because its activities are localized in that state.  Plaintiff's principal office is located at 1475 Peachtree Street, N.E., Atlanta, Georgia.  Plaintiff has not alleged that it has any offices

outside of Georgia.  Upon information and belief, Plaintiff's CEO and officers are located in Georgia.  Although Plaintiff transacts with counterparties in other states, its activities do not have to be 100% localized in order to trigger the exception "allowing a corporation to be considered a citizen of one state for diversity purposes if the corporation's activities are 'localized' in that state, despite some out-of-state business activities."  *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995).  When the activities of a federally-chartered corporation are sufficiently localized in a given state, despite the corporation's conduct of some out-of-state business activities, it is a citizen of that state for diversity purposes. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 428 (7th Cir. 2009).[5]

34.    Indeed, other Federal Home Loan Banks have claimed to have a principal place of business in the state of their headquarters in establishing federal diversity jurisdiction.  *See, e.g.*, *Fed. Home Loan Bank of Pittsburgh v. SMWNPF Holdings, Inc.*, No. 94-1565 (W.D. Pa. Sept. 14, 1994) (Compl. at 1-2) (alleging

---

[5]    Some district courts have held that the activities of certain Federal Home Loan Banks are not sufficiently localized within one state for diversity jurisdiction purposes.  *See Fed. Home Loan Bank of Chi. v. Banc of Am. Funding Corp.*, No. 10-CV-7560, 2011 WL 151842, at *1 (N.D. Ill. Jan. 18, 2011); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, No. C10-0140, 2010 WL 3512503, at *5 (W.D. Wash. Sept. 1, 2010).  Each of these cases, however, involved a fact-intensive inquiry into the identities, citizenships and activities of the particular parties before the court to determine whether diversity existed.  Their holdings, therefore, do not extend to cases with different parties.

15

that FHLB Pittsburgh's "principal place of business is in Pittsburgh, Pennsylvania"
and that the court "has jurisdiction over this action under 28 U.S.C. § 1332 because
there is diversity of citizenship between the parties . . . ."); *Fed. Home Loan Bank
of Topeka v. Nationsbank, N.A.*, No. CV-97-1510R (W.D. Okla. Sept. 16, 1997);
Notice of Removal in *O'Connor Enter. Group, Inc. v. Spindustry Interactive Inc.*,
No. 09-CV-01483 (S.D. Tex. May 18, 2009), at 1-2 (stating that Federal Home
Loan Bank of Des Moines' principal place of business is in Iowa and removing the
case based, in part, on diversity jurisdiction).

35.     Although Removing Defendants dispute all allegations that
Plaintiff has been damaged, the amount in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs, because Plaintiff seeks damages in
connection with its purchase of "more than $6 billion" worth of securities.
(Compl. ¶ 2.)

## IV.    Federal Question Jurisdiction

36.     28 U.S.C. § 1441(b) provides: "Any civil action of which the
district courts have original jurisdiction founded on a claim or right arising under
the Constitution, treaties or laws of the United States shall be removable without
regard to the citizenship or residence of the parties."

37.     Plaintiff claims that defendants Countrywide Financial Corporation, Countrywide Securities Corporation, and J.P. Morgan Securities, LLC violated federal laws.  Specifically, Plaintiff – which is itself a creation of federal law – claims that these defendants made false statements to a Federal Home Loan Bank in violation of 18 U.S.C. § 1014, and engaged in bank fraud in violation of 18 U.S.C. § 1344 (Compl. ¶¶ 265, 272, 320, 327).  Plaintiff relies on these two alleged violations of federal law to support its claim that these defendants engaged in a pattern of racketeering activity in violation of Georgia's RICO statute.

38.     Plaintiff's allegations present a federal question.  Plaintiff alleges and must prove the violations of federal law as predicate acts to or as essential elements of its Georgia RICO claims.  The alleged violations at issue – bank fraud and false statements to a federal bank – are quintessentially federal and involve substantial issues of federal law.  Indeed, adjudication of these claims will likely raise issues of first impression, such as whether a Federal Home Loan Bank can bring securities fraud claims against its own member banks.

39.     Because Plaintiff's claims involve substantial questions of federal law, this case may be properly removed to this Court pursuant to 28 U.S.C.

§ 1441(b) without regard to whether diversity jurisdiction also exists.  *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 520 (11th Cir. 2000).[6]

## CONCLUSION

40.     Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).  Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

41.     Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notification of Filing of Notice of Removal with the clerk of the State Court of Fulton County, in accordance with 28 U.S.C. § 1446(d).

42.     As set forth above, all named defendants consent to the removal of this Action to this Court, subject to and without waiving any defenses and rights available to them.

---

[6]   The Eleventh Circuit and some district courts have, in certain circumstances, read the holding in *Ayres* narrowly.  *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290 (11th Cir. 2008); *Austin v. Ameriquest Mortgage Co.*, 510 F. Supp. 2d 1218 (N.D. Ga. 2007); *see also Donaldson v. GMAC Mortgage LLC*, No. 4:09-CV-117 (CDL), 2010 WL 381838 (M.D. Ga. Jan. 26, 2010).

Dated this 17th day of February, 2011.

Respectfully submitted,


/s Bethany M. Rezek
Bethany M. Rezek
Georgia Bar No. 553771
B. Warren Pope
Georgia Bar No. 583723
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
brezek@kslaw.com
wpope@kslaw.com

OF COUNSEL

Adam S. Hakki
Kirsten N. Cunha
Brian G. Burke
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022
Tel:  (212) 848-4000
Fax:  (646) 848-4000
ahakki@shearman.com
kirsten.cunha@shearman.com
brian.burke@shearman.com

*Attorneys for Defendants*
*Countrywide Financial Corporation*
*Countrywide Securities Corporation*
*Countrywide Home Loans, Inc.*

/s Thomas S. Richey
(with express permission by Bethany M. Rezek)
Thomas S. Richey
Georgia Bar No. 604525
William V. Custer
Georgia Bar No. 202910
Stacey Godfrey Evans
Georgia Bar No. 298555
BRYAN CAVE LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309
Tel:  (404) 572-6600
Fax:  (404) 572-6999
tom.richey@bryancave.com
bill.custer@bryancave.com
stacey.evans@bryancave.com

OF COUNSEL

Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
Tel:  (212) 728-5693
Fax:  (212) 326-2061
jrosenberg@omm.com
wsushon@omm.com
arivner@omm.com

*Attorneys for Defendant*
*Bank of America Corporation*

/s Richard H. Sinkfield
(with express permission by Bethany M. Rezek)
Richard H. Sinkfield
Georgia Bar No. 649100
Ben A. Rogers
Georgia Bar No. 612090
ROGERS & HARDIN
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA  30303
Tel:  (404) 420-4605
Fax:  (404) 230-0970
rsinkfield@rh-law.com
brogers@rh-law.com

OF COUNSEL

Brent J. McIntosh
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, DC  20006
Tel:  (202) 956-6930
Fax:  (202) 956-7571
mcintoshb@sullcrom.com

*Attorneys for Defendant*
*J.P. Morgan Securities, LLC*

/s John G. Parker
(with express permission by Bethany M. Rezek)
John G. Parker
Georgia Bar No. 562425
PAUL, HASTINGS, JANOFSKY &
  WALKER LLP
600 Peachtree Street, NE
Atlanta, GA  30308
Tel:  (404) 815-2222
Fax:  (404) 685-5222
johnparker@paulhastings.com

OF COUNSEL

William F. Sullivan
John S. Durrant
PAUL, HASTINGS, JANOFSKY &
  WALKER LLP
515 South Flower Street
Los Angeles, CA  90071
Tel: (213) 683-6000
Fax: (213) 627-0705
williamsullivan@paulhastings.com
johndurrant@paulhastings.com

*Attorneys for Defendant*
*UBS Securities LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2011, I electronically filed the

foregoing Notice of Removal with the Clerk of the Court using the CM/ECF

system and on February 18, 2011 hand delivered one copy of the foregoing Notice

of Removal to the following counsel:

H. Lamar Mixson
David G.H. Brackett
Ronan P. Doherty
Bret R. Hobson
Mary W. Pyrdum
Naveen Ramachandrappa
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309

Thomas S. Richey
William V. Custer
Stacey Godfrey Evans
BRYAN CAVE LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309

Jonathan Rosenberg
William J. Sushon
Ashner L. Rivner
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036

Richard H. Sinkfield
Ben A. Rogers
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303

Brent J. McIntosh
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, DC 20006

John G. Parker
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, NE
Atlanta, GA 30308

William F. Sullivan
John S. Durrant
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Los Angeles, CA 90071

/s Bethany M. Rezek
Georgia Bar No. 553771
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
brezek@kslaw.com

*Attorneys for Defendants*
*Countrywide Securities Corp.*
*Countrywide Financial Corp.*
*Countrywide Home Loans, Inc.*

2