IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN BANK OF ATLANTA, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | |
| COUNTRYWIDE FINANCIAL CORPORATION (n/k/a BANK OF AMERICA HOME LOANS); COUNTRYWIDE SECURITIES CORPORATION; COUNTRYWIDE HOME LOANS, INC; BANK OF AMERICA CORPORATION (as successor to the COUNTRYWIDE Defendants); J.P. MORGAN SECURITIES, LLC (f/k/a J.P. MORGAN SECURITIES, INC. and BEAR STEARNS & CO., INC.); UBS SECURITIES, LLC; and JOHN DOE DEFENDANTS 1-50. | : : : : : : : : : : : : : : : : : : | Civil Action<br>File No. 1:11-cv-00489-TWT<br><br>JURY TRIAL DEMANDED<br><br>Fulton County State Court<br>File No. 11EV011779G |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO REMAND**

David G.H. Brackett
Ronan P. Doherty
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309

Attorneys for the Federal Home Loan Bank of Atlanta

846503.1

This case does not belong in federal court.  Accordingly, Plaintiff the Federal Home Loan Bank of Atlanta (the "Bank") respectfully moves the Court to remand this action to the state court of Fulton County, Georgia for lack of subject matter jurisdiction.

The Bank's case concerns more than $6 billion in Private-Label Mortgage-Backed Securities ("PLMBS").  The Bank purchased those securities on the basis of the defendants' false and misleading factual representations about the securities and the standards used to screen the mortgages that backed them.  The Complaint thus asserts claims against seven different defendants in connection with thirty different securitizations.

Despite its name, the Bank is not a federal agency.  *See* Complaint for Damages, filed January 18, 2011, Dkt. No. 1-1 ¶ 11.  And while the defendants' conduct surely violates federal law, the Bank has chosen to assert only state law claims.  *Id*. ¶ 26 ("this Complaint asserts no claim under federal law").  In particular, the Complaint alleges that the Countrywide Defendants (Countrywide Financial Corporation, Countrywide Securities Corporation and Countrywide Home Loans, Inc.) and J.P. Morgan Securities, LLC (which now includes Bear Stearns & Co.) violated the Georgia RICO statute.  In addition, the Complaint alleges that those defendants, as well as UBS Securities, LLC, committed fraud

846503.1

and negligent misrepresentation in violation of Georgia law.  Finally, the Bank asserts a claim for successor liability against Bank of America Corporation.

Despite the Complaint's state law character, the defendants removed the case to this Court on February 17, 2011.  They assert that this Court has jurisdiction on the purported bases of (1) diversity jurisdiction; (2) the Bank's federal charter; (3) federal question jurisdiction and (4) "related to" bankruptcy jurisdiction.  Each of those theories has been repeatedly—and resoundingly—rejected by the courts.  Four district courts have now issued five opinions remanding PLMBS claims that some of the other Federal Home Loan Banks ("FHLBs") have filed against these and other defendants.  In so doing, the courts have rejected the defendants' arguments that the FHLBs are subject to diversity jurisdiction and that the FHLB federal charter automatically confers federal jurisdiction in any case that happens to involve an FHLB.  And even where the defendants have been able to demonstrate "related to" bankruptcy jurisdiction, the courts have equitably remanded to state court.  *See FHLB-Chicago v. Banc of Am. Funding Corp.*, No. 10C7560, 2011 U.S. Dist. LEXIS 4945 (N.D. Ill. Jan. 18, 2011); *FHLB-San Francisco*, No. 10-3039, 2010 WL 5394742 (N.D. Cal. Dec. 20, 2010); *FHLB-Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1289 (W.D. Wash. 2010); *FHLB-Seattle v. Barclays Capital, Inc.,* No. C10-0139RSM,

846503.1

2

2010 U.S. Dist. LEXIS 102391, **13-14 (W.D. Wash. Sept. 1, 2010); *FHLB-Pittsburgh v. J.P. Morgan Sec., Inc.*, No. 09cv1421, 2009 WL 5178904 (W.D. Pa. Dec. 21, 2009).

The courts in this District and the Eleventh Circuit have similarly rejected the defendants' remaining argument that the Bank's claims "arise under" federal law because the Complaint alleges violations of federal—as well as Georgia—law as part of the pattern of racketeering activity that violates the Georgia RICO Act. In *Adventure Outdoors, Inc. v. Bloomberg*, for example, the Eleventh Circuit held that allegations of fraud in violation of federal law do not "suffice to open the 'arising under' door." 552 F.3d 1290, 1300 (11th Cir. 2008). And this Court repeatedly has rejected the argument that pleading federal as well as state law violations in support of a Georgia RICO claim confers federal question jurisdiction. *See, e.g., Austin v. Ameriquest Mortg. Co.*, 510 F. Supp.2d 1218, 1227 (N.D. Ga. 2007). Because this Court has no subject matter jurisdiction, the case should be remanded to state court.

In addition, the Bank respectfully requests the Court to award fees and costs pursuant to 28 U.S.C. 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the Supreme Court held that the district courts have wide discretion to award attorneys fees depending on the reasonableness of the removal. Because all

846503.1

3

of the defendants' jurisdictional arguments had been rejected by the courts well before the defendants removed this case, the Court should hold that the defendants had no objectively reasonable basis for removal and award the Bank its fees and costs.

## CONCLUSION

The defendants cannot carry their burden to demonstrate federal jurisdiction in this state court action. Accordingly, the Court should remand the case to the state court of Fulton County and award the Bank its attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). In further support of its Motion, the Bank relies on the brief and materials filed this same day.

This 11th day of March 2011.

          Respectfully submitted

          **/s/ Ronan P. Doherty**
          H. Lamar Mixson
          Georgia Bar No. 514012
          *mixson@bmelaw.com*
          David G.H. Brackett
          Georgia Bar No. 068353
          *brackett@bmelaw.com*
          Ronan P. Doherty
          Georgia Bar No. 224885
          *doherty@bmelaw.com*

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel:   (404) 881-4100
Fax:   (404) 881-4111

      Attorneys for the Federal Home Loan Bank of Atlanta

846503.1

5

## CERTIFICATE OF SERVICE

I hereby certify that this 11th day of March, 2011 a copy of the foregoing **PLAINTIFF'S MOTION TO REMAND** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to opposing counsel as follows:

B. Warren Pope, Esq.
Bethany M. Rezek, Esq.
brezek@kslaw.com
wpope@kslaw.com

Thomas S. Richey, Esq.
William V. Custer, Esq.
Stacey Godfrey Evans, Esq.
tom.richey@bryancave.com
bill.custer@bryancave.com
Stacey.evans@bryancave.com

Richard H. Sinkfield, Esq.
Brett A. Rogers, Esq.
rsinkfield@rh-law.com
brogers@rh-law.com

John G. Parker, Esq.
johnparker@paulhastings.com

And via United States Mail as follows:

| | |
|---|---|
| Jonathan Rosenberg, Esq.<br>William Sushon, Esq.<br>Asher L. Rivner, Esq.<br>Bradley Butwin, Esq.<br>O'Melveny & Meyers, LLP<br>7 Times Square<br>New York, New York  10036 | Brent J. McIntosh, Esq.<br>Henry C. Quillen, Esq.<br>Sullivan & Cromwell, LLP<br>1701 Pennsylvania Avenue, NW<br>Washington, D.C.  20006 |
| William F. Sullivan, Esq.<br>John S. Durrant, Esq.<br>Howard M. Privette, Esq.<br>Paul, Hastings, Janofsky & Walker, LLP<br>515 South Flower Street<br>Los Angeles, California  90071 | Adam S. Hakki, Esq.<br>Kristen N. Cunha, Esq.<br>Shearman & Sterling, LLP<br>599 Lexington Avenue<br>New York, New York  10022 |
| Stacey R. Friedman, Esq.<br>Sullivan & Cromwell, LLP<br>125 Broad Street<br>New York, New York  10004-2498 | |

                                  **/s/Ronan P. Doherty**
                                  Ronan P. Doherty