# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF ATLANTA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE SECURITIES CORPORATION; COUNTRYWIDE HOME LOANS, INC; BANK OF AMERICA CORPORATION; J.P. MORGAN SECURITIES, LLC; UBS SECURITIES LLC; and JOHN DOE DEFENDANTS 1-50,<br><br>Defendants. | Case No.: 1:11-CV-0489-TWT<br><br><br><br>(State Court of Fulton County No. 11EV011779G) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case:**

**(a)     Describe briefly the nature of this action.**

*Joint Statement:*

The Complaint was originally filed in the State Court of Fulton County,

Georgia on January 18, 2011.  Defendants removed the action to this Court on

February 17, 2011.  Plaintiff filed a motion for remand on March 11, 2011, which is currently pending before the Court.

BAC is named as a defendant solely as the alleged successor to the Countrywide Defendants.

*Plaintiff's Position:*

This dispute concerns the Federal Home Loan Bank of Atlanta's ("the Bank's") purchase of more than $6 billion in Private Label Mortgage-Backed Securities ("PLMBS").  The 30 PLMBS at issue are identified at paragraph 20 of the Complaint.  The Bank contends that Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Home Loans, Inc. (collectively, the "Countrywide Defendants"), J.P. Morgan Securities, LLC, and UBS Securities LLC, which offered these PLMBS for sale to the Bank, did not tell the truth in the offering documents they used to sell the securities to the Bank and other investors. In particular, the Bank contends that these defendants knowingly misrepresented (a) the underwriting standards used to originate the mortgages that backed the PLMBS at issue; (b) the neutrality and independence of the appraisals for the collateral properties used to secure the mortgages that back the PLMBS at issue; (c) the Loan-to-Value ratios of the mortgages underlying the PLMBS; (d) whether the collateral properties were to be used as the borrowers' residences or

investments; (e) that the PLMBS certificates the Bank purchased would not be issued unless they earned a AAA-rating; and (f) that the defendants and their affiliates had properly transferred and assigned both the loans and mortgages for the mortgages that back the Bank's PLMBS.

The Bank contends that these misrepresentations were material and that the Bank would not have purchased these PLMBS if UBS, J.P. Morgan, and the Countrywide Defendants had told the truth. The Bank alleges that the misconduct of J.P. Morgan and the Countrywide Defendants gives rise to claims for violation of the Georgia RICO Act. The Bank further contends that the Countrywide Defendants, J.P. Morgan, and UBS have committed fraud or at the least, negligent misrepresentation. The Bank brings this action to recover its damages, interest, treble damages, punitive damages, and attorneys' fees.

*Defendants' Position:*

Defendants deny that the offering materials contained any misstatements or omissions of material facts. Defendants also deny that any defendant had knowledge of or was negligent with respect to the alleged misrepresentations. Defendants further deny that Plaintiff suffered any injuries as a result of the alleged conduct, and deny that they are liable in any way in connection with Plaintiff's alleged purchase of PLMBS. Defendant Bank of America Corporation ("BAC")

denies that it is a successor-in-interest to any of the Countrywide Defendants and

denies that it is liable to Plaintiff in that or any other capacity.  Defendants believe

that the allegations in the Complaint fail to state a claim upon which relief may be

granted, are, in whole or in part, untimely under applicable statutes of limitations

and repose, and are defective in certain other additional respects.  Defendants

intend and expect to move to dismiss the Complaint at an appropriate time. [1]

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff is one of 12 regional cooperative Federal Home Loan Banks whose

purpose includes promoting affordable mortgage finance by lending money to its

member banks, which in turn issue mortgage loans to prospective homebuyers.

This action concerns Plaintiff's investments in PLMBS, which are securities

certificates that entitle an investor to receive indirectly a portion of the payments

made on an underlying pool of mortgage loans.  According to the Complaint,

Plaintiff purchased over $6.0 billion in PLMBS certificates issued, offered or sold

by UBS Securities LLC, J.P. Morgan Securities, LLC or the Countrywide

---

[1] The Georgia RICO claim is asserted only against the Countrywide Defendants and J.P. Morgan Securities LLC.  As predicate acts, Plaintiff asserts claims of (i) false statements to a Federal Home Loan Bank (18 U.S.C. § 1014); (ii) bank fraud (id. § 1344); (iii) theft by taking (O.C.G.A. § 16-8-2); (iv) theft by deception (id. § 16-8-3); (v) residential mortgage fraud (id. § 16-8-102); and (vi) violations of the Georgia Securities Act of 1973 (id. § 10-5-12(a)(2)).

Defendants.  Plaintiff alleges that it suffered "hundreds of millions of dollars in damages" as a result of the conduct the Complaint alleges that UBS Securities LLC, J.P. Morgan Securities LLC and the Countrywide Defendants committed. (Complaint ¶ 232.)

The PLMBS allegedly purchased by Plaintiff were issued through a multi-step process.  First, a residential mortgage lender issued or acquired mortgage loans and aggregated them into a "loan pool," which was sold to a depositor.[2]  The depositor then transferred the group of mortgage loans into a trust established for the purpose of holding the loans.  The trust then issued pass-through certificates, which were purchased by underwriters and resold to investors, such as Plaintiff.[3] According to the Complaint, Plaintiff purchased 30 PLMBS certificates pursuant to registration statements, prospectuses and prospectus supplements ("Offering Documents") that were publicly filed with the United States Securities and Exchange Commission and other public statements about the PLMBS.  The 30 PLMBS certificates at issue are identified in paragraph 20 of the Complaint.

---

[2] Countrywide Home Loans is an originator defendant in this case.  There are no depositor defendants in this case.

[3] The underwriter defendants in this case are Countrywide Securities Corporation, J.P. Morgan Securities, LLC and UBS Securities LLC.

**(c)     The legal issues to be tried are as follows:**

*Plaintiff's position*

a.     Whether the Offering Documents and other communications about the PLMBS included misrepresentations and omissions of fact.

b.     Whether the alleged misrepresentations and omissions fact were material.

c.     Whether Defendants knew that the Offering Documents and other communications about the PLMBS were allegedly false and misleading.

d.     Whether J.P. Morgan and the Countrywide Defendants violated the Georgia RICO Act.

1.     Whether J.P. Morgan Securities and the Countrywide Defendants committed theft-by-taking.

2.     Whether J.P. Morgan Securities and the Countrywide Defendants committed theft-by-deception.

3.     Whether J.P. Morgan Securities and the Countrywide Defendants committed residential mortgage fraud.

4.     Whether J.P. Morgan Securities and the Countrywide Defendants violated the Georgia Securities Act of 1973.

5.     Whether J.P. Morgan Securities and the Countrywide Defendants made false statements to the Bank, and whether such alleged false statements constitute a violation of 18 U.S.C. § 1014.

6.     Whether J.P. Morgan Securities and the Countrywide Defendants committed bank fraud.

e.     Whether Defendants acted intentionally.

f.     Whether Defendants acted recklessly.

g.      Whether Defendants were negligent.

h.      Whether Bank relied on the alleged misrepresentations.

i.      Whether Defendants' alleged misconduct proximately caused injury to the Bank and, if so, in what amount.

j.      Whether Defendants committed fraud.

k.      Whether Defendants made negligent misrepresentations.

l.      Whether the Bank has been injured by reason of J.P. Morgan Securities' and the Countrywide Defendants' alleged violations of the Georgia RICO Act and if so, in what amount.

m.      Whether Defendants are liable for the Bank's attorneys' fees and if so, in what amount.

n.      Whether Defendants are liable for pre-judgment and post-judgment interest and if so, in what amount.

o.      Whether Defendants are liable for punitive damages and, if so, in what amount; and

p.      Whether Defendant Bank of America Corporation is liable as a successor to the Countrywide Defendants.

*Defendants' position*

Defendants contend that the Complaint fails to state a claim and that there are no issues to be tried in this case.  Defendants believe that Plaintiff's claims are without factual or legal merit and are subject to a variety of defenses, at least some of which Defendants intend to raise in their anticipated motions to dismiss.

Moreover, to the extent that Plaintiff suffered any injury beyond those caused by market forces and not resulting from any wrongdoing or negligence, Plaintiff is at least *in pari delicto* as a result of its own knowledge concerning PLMBS and the mortgage markets, and its failure to adhere to its own risk and investment guidelines and standards of reasonable care.

Defendants expressly reserve the right to supplement their statement or position as appropriate or necessary and reserve all defenses and objections.

**(d)     The cases listed below (include both style and action number) are:**

(1)     Pending Related Cases:  None.

(2)     Previously Adjudicated Related Cases:  None.

**2.     The case is complex because it possesses one (1) more or more of the features listed below (please check):**

   X        (1)   Unusually large number of parties
   X        (2)   Unusually large number of claims or defenses
   X        (3)   Factual issues are exceptionally complex
   X        (4)   Greater than normal volume of evidence
   X        (5)   Extended discovery period is needed
           (6)   Problems locating or preserving evidence
   X        (7)   Pending parallel investigations or actions by
                     government
   X        (8)   Multiple use of experts
   X        (9)   Need for discovery outside United States boundaries
   X        (10) Existence of highly technical issues and proof

**3.      Counsel.**

**The following individually-named attorneys are hereby designated as lead counsel for the parties.**

Plaintiff:      H. Lamar Mixson

Defendants:

B. Warren Pope – for Defendants Countrywide Financial Corporation; Countrywide Securities Corporation; Countrywide Home Loans, Inc.

Richard H. Sinkfield – for Defendant J.P. Morgan Securities, LLC

John G. Parker – for Defendant UBS Securities LLC

Thomas S. Richey – Defendant Bank of America Corporation

**4.      Jurisdiction:**

Is there any question regarding this court's jurisdiction?

__X__        Yes    ___ No

If "yes," attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

See Exhibit A.

**5.      Parties to This Action:**

**(a)      The following persons are necessary parties who have not been joined:**

None.

**(b)     The following persons are improperly joined as parties:**

*Plaintiff's Position*:  None.

*Defendants' Position*: Defendants are evaluating whether any defendants in

this action are misjoined under applicable rules.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted.**

None.  The parties have agreed to confer on a deadline to identify or drop

John Doe defendants.

**(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:**

No amendments are anticipated at this time, but Plaintiff reserves the right to

amend the complaint as permitted by law.  Defendants reserve the right to oppose

or otherwise object to such request as appropriate.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30 DAYS after the Joint Preliminary Report and Discovery Plan is filed, or**

should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)    Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    Summary Judgment Motions:  within twenty (20) days after the close of discovery, unless otherwise permitted by court order.   Local Rule 56.1.

(c)    Other Limited Motions:  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    Motions Objections to Expert Testimony:  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

*Plaintiff's Position*:

The parties should serve initial disclosures in accordance with the Federal

Rules and Plaintiff has served its initial disclosures this same day.   Having

removed the case to federal court, the Defendants should not be permitted to pick

and chose the Federal Rules that they will follow.  Instead, the Bank submits that

the defendants should be required to comply with the Federal Rules and this Court's Local Rules by promptly serving their initial disclosures.

*Defendants' Position*

To avoid potentially burdensome and unnecessary discovery, service of initial disclosures should be deferred until after the Court rules on Plaintiff's pending motion to remand and, if the Court denies remand, until after the Court has ruled on Defendants' anticipated motions to dismiss.   A stay of initial disclosures is warranted and reasonable because, given the wide-ranging allegations and the numerous transactions currently involved, the preparation of initial disclosures by Defendants would represent a very significant task, and a potentially unnecessary one, especially in light of the likelihood that pending and anticipated motion practice, including the motion for remand and motions to dismiss, could affect the allegations, transactions, and disclosures at issue, as well as the rules that govern those disclosures.   Anticipated motions to dismiss, if granted in whole or in part in either forum, would materially change, if not eliminate, the need for initial disclosures or discovery in the case and/or could materially limit the scope of issues that are proper subjects of discovery.   All parties and the Court will be helped—not prejudiced—by clearly defining the issues appropriate for discovery before undertaking the substantial task of

identifying sources of information and other pre-discovery efforts required to properly frame and respond to discovery.  Defendants believe this approach is entirely consistent with federal and local rules of civil procedure, which are aimed at accomplishing discovery in an efficient and, where appropriate, streamlined manner to reduce unnecessary burdens on the parties and the court.

Defendants expressly reserve the right to provide additional grounds and/or authorities supporting the deferral of initial disclosures and discovery in this case, as appropriate or necessary in motion practice, and respectfully request an opportunity to file a more thorough submission prior to any ruling by the Court on this issue.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Yes.  The parties request a conference to resolve differences over scheduling in this action in light of the Bank's motion to remand to state court.  The parties' respective positions on scheduling are set forth below:

*Plaintiff's Position:*

The Bank contends that the defendants improperly removed this case from state court, and on March 11, 2011, the Bank filed its Motion to Remand.  The

defendants have indicated that they would like to defer their anticipated Motions to Dismiss the Complaint until after the Court rules on the Bank's remand motion. Although the Bank is willing to accommodate that request and avoid any unnecessary imposition on the parties or the Court, the Bank is unwilling to grant the defendants a stay of all proceedings until (1) this Court rules upon the remand motion and (2) the parties then litigate multiple motions to dismiss either in this Court or in state court.

Instead, the Bank has proposed that the parties agree to extend the defendants' time to file any motion to dismiss but that they also agree to proceed with at least some discovery while these preliminary matters are resolved.  In addition to serving the initial disclosures that the Federal Rules and this Court's Local Rules require, the Bank has asked that the defendants produce copies of information, documents and deposition testimony that have already been produced in their other PLMBS cases.  For example, the Complaint refers to some of the evidence already disclosed to the public in the course of *SEC v. Mozilo, et al*, the government's civil case for securities fraud against three senior Countrywide executives.[4]  Because reams of additional, non-public evidence similarly has been collected, reviewed and produced in that and other PLMBS cases involving these

---

[4] *See* Compl. ¶¶ 114-23.

same defendants,[5] the Bank cannot understand why it would be difficult or burdensome for the defendants to reproduce it here.  By the same token, the defendants easily could produce whatever non-public testimony, documents and other evidence they provided to the Financial Crisis Inquiry Commission.[6]  That evidence is plainly relevant and discoverable under the federal or state rules.  And by proceeding with even limited discovery efforts while the remand motion is pending, the parties can work towards the "just, speedy and inexpensive determination" of this action as ***both*** Fed. R. Civ. P. 1 and O.C.G.A. § 9-11-1 demand.

In addition, the Bank should be permitted to go forward with the third-party discovery requests for PLMBS due-diligence materials that the Bank properly served while discovery was open in state court and before the defendants removed. The Bank issued those requests to Clayton Holdings, Inc. and other diligence firms whose records prove the defendants knew that the mortgages backing the PLMBS did not conform to the representations in the defendants' Offering Documents.[7]

---

[5] *Id*. ¶ 124 (noting civil claims filed by MBIA); 153-54 (additional Countrywide litigation).

[6] *Id*. ¶¶ 91, 129 (noting relevant disclosures made to the FCIC).

[7] See, e.g., Compl. ¶¶ 89- (describing the role of due diligence firms like Clayton and their findings that many of the sampled mortgages did not meet the stated underwriting criteria)

Rather than allow those requests to other parties proceed, the defendants have taken the position that they should be ignored.  Even worse, the defendants have refused to (1) identify the other due diligence firms that they worked with (because discovery has not opened in federal court) or (2) alert those firms to this litigation to ensure that critical relevant evidence is preserved.  Rather, the defendants' position is that because they have removed the case to federal court, the Bank cannot pursue this evidence and the defendants "have no legal obligation to ensure such retention [of evidence] and assume no responsibility for doing so."[8]

In an effort to resolve the parties scheduling differences, the Bank has now granted the defendants a number of extensions of time in which to respond to the Complaint; that response is now due on April 15, 2011.  By the date of this report, however, the defendants have insisted that no progress can be made in this case until both the motion to remand and their anticipated motion to dismiss are decided.  In fact, the defendants have now refused to even submit initial disclosures or confer about electronically stored information as the Federal Rules require, because a remand to state court would relieve them from even those

_____

[8] Letter from Richard Sinkfield (on behalf of all defendants) to Ronan Doherty at 2 (Mar. 22, 2011).

obligations.  Regardless of where the case belongs or which rules happen to apply, therefore, the defendants' position is the same:  no progress can be made.

In their February 22 Emergency Motion for an Extension of Time [Dkt 3], the defendants argued that the Court should extend their deadline to respond to the Complaint (and therefore defer discovery) because the parties to the other FHLB cases had agreed to do so.  But it is that very experience that leads the Bank to resist that approach here.  The FHLB-Pittsburgh filed the first such case in September 2009.  The defendants removed and the case was not remanded until December 30, 2009.[9]  The defendants then moved to dismiss and that motion was not denied until November 29, 2010.[10]  For the intervening 14 months, the litigation was stalled and the parties were able to make no progress at all.

Although the defendants' arguments for federal jurisdiction have not improved since that first remand decision, the same pattern has now repeated itself *twice times*.[11]  In each of the FHLB cases, the plaintiff has filed in state court and

_____

[9] *See FHLB-Pittsburgh v. J.P. Morgan Sec., Inc*., No. 09cv1421, 2009 WL 5178904 (W.D. Pa. Dec. 21, 2009).

[10] Order of Court, *Fed. Home Loan Bank of Pittsburgh, v. J.P. Morgan Secs. LLC*, No. GD09-016893 (Ct. C.P. of Allegheny County, Penn. Nov. 29, 2010).

[11] This case is the twentieth FHLB case that has been removed.  The FHLB-Pittsburgh has had 4 cases removed and remanded.  The FHLB-Seattle has had 11 cases removed and remanded.  The FHLB-San Francisco has had 2 cases removed

the defendants have removed on the basis of arguments that have been rejected again and again.[12]  In addition to unnecessarily burdening the federal courts, the delays from removal to remand occasioned by the approach the defendants advocate here have ranged from 2 to 8 months, all before the defendants file their motions to dismiss which will delay the litigation even further.

   To the extent the defendants suggest below that they would receive the same type of stay by filing a motion to dismiss the case in state court, they are not correct.  Discovery opened in this case when the Bank filed its Complaint.  And while O.C.G.A. § 9-11-12(j) authorizes a 90-day stay of discovery upon the filing of a motion to dismiss, the same statute authorizes the plaintiff to request relief from the stay and *requires* the state court to decide the motion to dismiss within that 90-day time period.  In any event, the defendants have already rejected the Bank's offer to defer their motions to dismiss in exchange for an agreement to

and remanded.  The FHLB-Chicago has had one case removed and remanded, and the FHLB-Indianapolis has had its one case removed.

[12] *See FHLB-Chicago v. Banc of Am. Funding Corp.*, No. 10C7560, 2011 U.S. Dist. LEXIS 4945 (N.D. Ill. Jan. 18, 2011); *FHLB-San Francisco*, No. 10-3039, 2010 WL 5394742 (N.D. Cal. Dec. 20, 2010); *FHLB-Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1289 (W.D. Wash. 2010); *FHLB-Seattle v. Barclays Capital, Inc.,* No. C10-0139RSM, 2010 U.S. Dist. LEXIS 102391, **13-14 (W.D. Wash. Sept. 1, 2010); *FHLB-Pittsburgh*, 2009 WL 5178904, at *4.

open discovery on May 19, which is 90 days after the defendants' deadline to answer the Complaint in state court.

The Bank acknowledges that the defendants are entitled to litigate any jurisdictional argument for which they have a good faith basis. But the Bank objects to the very different notion that removal should afford the defendants a unilateral stay of all proceedings. Under these circumstances, the Court should allow the defendants to defer their motion to dismiss until after a decision on remand but require the defendants to (1) serve their initial disclosures in accordance with Rule 26(a) and Local Rule 26.1; (2) address and resolve all the discovery issues that Rule 26(f) requires; and (3) allow at least some discovery to begin while any preliminary motions are litigated.

*Defendants' Position:*

In light of Plaintiff's position that the Court does not have jurisdiction over this action, Defendants believe that initial disclosures and other discovery should be deferred until the Court has ruled on Plaintiff's motion for remand, which will determine the threshold issues of jurisdiction and whether the action will proceed under federal or state procedural rules. If the Court denies Plaintiff's motion to remand, the action will proceed under the applicable federal rules, which provide that discovery does not begin until thirty (30) days after an answer is filed. *See*

L.R. 26.2(A). In turn, an answer would not be required until after the Court's decision on the anticipated motions to dismiss, and Eleventh Circuit precedent holds that discovery should be stayed pending resolution of a potentially dispositive motion to dismiss. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Alternatively, if the Court were to grant Plaintiff's motion for remand, initial disclosures would not be required at all under state civil procedure laws and discovery would be stayed during the pendency of defendants' motion to dismiss. *See* Ga. Code Ann. § 9-11-12. Plaintiff's requests for discovery are therefore improper under both federal and state procedure laws.

Further, Plaintiff's request for copies of information, documents and deposition testimony that have already been produced in PLMBS litigation involving Defendants is burdensome and not appropriate at this time. There are significant differences between this action and the other PLMBS litigation in which Defendants are involved, including but not limited to different PLMBS and associated offering documents, as well as the fact that this case involves state and federal claims not asserted in the other actions (*e.g.*, Georgia RICO, bank fraud). Likewise, Plaintiff's request for "some of the evidence already disclosed *to the public*" (*see supra* at 14 (emphasis added)) is inappropriate and unduly burdensome since, as stated by Plaintiff, the materials sought have already been

disclosed "to the public."  There would not be any undue delay in deferring initial disclosures and discovery until motions to dismiss have been resolved insofar as State practice rules provide for an automatic stay of discovery pending the filing of a motion to dismiss, and in the Northern District, discovery does not begin until after the motion to dismiss is disposed of and the answer is filed.  In addition, even in the absence of such a local rule, it is more common than not for federal trial courts to grant a stay of discovery pending consideration of a motion to dismiss which has potential to be dispositive of all or significant issues in the case.

Moreover, the third-party discovery requests served by Plaintiff prior to removal of the action to this Court are premature and void under both the Federal Rules of Civil Procedure and the Civil Local Rules for the Northern District of Georgia.  Federal procedural rules govern in actions removed to federal district court and thus control in this case.  See Fed. R. Civ. P. 81.  Under the applicable rules, the discovery period does not commence in this action until after the motion or motions to dismiss have been decided, and even then, nonparty discovery can only be obtained by subpoena.  *See* LR 26.2A; Fed. R. Civ. P. 45.  Plaintiff's demand to proceed with its pre-removal discovery requests ignores these rules.  Likewise, Plaintiff has provided no support whatsoever for the notion that

Defendants must advise certain unspecified third parties on their supposed document retention obligations.

Finally, Plaintiff's statement that "[t]his case is the twentieth FHLB case that has been removed" (*see supra* at 17-18 & n.13) is disingenuous (at best) given that eleven (11) of those cases were filed by FHLB-Seattle on the same day, in the same court with nearly identical allegations, and FHLB-Seattle itself filed an "omnibus motion to remand" all eleven cases. *See, e.g.,* Omnibus Motion to Remand, *Federal Home Loan Bank of Seattle v. Bank of America Securities LLC, et al.*, No. 10-civ-147 RSM (W.D. Wash. March 11, 2010) (Dkt. 18). Plaintiff itself acknowledges in its remand brief that "[f]our district courts" have issued opinions remanding cases involving PLMBS purchased by other Federal Home Loan Banks. *See* Plaintiff's Motion for Remand at 2. Plaintiff also fails to acknowledge that each of those courts expressly confirmed the existence of federal subject matter jurisdiction but nonetheless exercised their discretion to remand on equitable grounds. *See, e.g., Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1290 (W.D. Wash. 2010) ("Accordingly, this Court agrees with Defendants that "related" to federal bankruptcy jurisdiction exists over this action"); *Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, Nos. 10-3039 SC, 10-3045 SC, 2010 WL 5394742, at *6 (N.D.

Cal. Dec. 20, 2010) ("[T]his Court has related-to bankruptcy jurisdiction over the [actions]").   That other courts have remanded cases based on equitable considerations does not render dilatory or improper Defendants' exercise of their right to remove this particular case, which involves unique causes of action and legal issues not present in the other cases, such as issues of federal question presented by the RICO claims.   Further, the fact that other courts have found federal subject matter jurisdiction to exist reinforces the notion that Defendants are right on the existence of "related to" jurisdiction and entitled to a case-specific evaluation of equitable remand, during which discovery and other proceedings should be deferred.   Defendants respectfully refer the Court to their joint brief in opposition to Plaintiff's motion for remand being filed on this day for additional explanation and supporting authorities.

Defendants expressly reserve the right to provide additional grounds and/or authorities supporting the deferral of initial disclosures and discovery in this case, as appropriate or necessary in motion practice, and respectfully request an opportunity to file a more thorough submission prior to any ruling by the Court on this issue.

**10.   Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A,**

**responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

*Plaintiff's Position:*

i.      Loan files for the underlying mortgages that back the PLMBS at issue.

ii.     Underwriting of the underlying mortgages that back the PLMBS at issue.

iii.    Offering documents for the PLMBS at issue.

iv.     Defendants' knowledge that their representations were false.

v.      Defendants' due diligence efforts and files.

vi.     Defendants' communications with third-party due diligence firms.

vii.    Results of third-party due diligence.

viii.   Defendants' communications with third-party rating agencies.

ix.     The defendants' dealings with the Rating Agencies and the ratings of the

PLMBS at issue.

x.      Communications within, between, and among the parties.

xi.     Defendant's communications regarding underwriting standards (including

appraisals) of mortgages included in mortgage backed securities.

xii.    Defendants' communications regarding the transfer, assignment, and recording of mortgages included in mortgage backed securities.

The above list is not intended to be exhaustive or exclusive and the Bank reserves the right to seek discovery on additional subjects not enumerated above.

*Defendants' Position:*

Defendants believe that discovery is premature and inefficient at this stage for the reasons addressed above.  To the extent that the Court were to permit discovery, however, Defendants reserve the right to object to the areas of discovery enumerated above, and further state that they would be entitled to seek discovery on the following subjects:

i.    Communications regarding Plaintiff's alleged purchase of the PLMBS at issue.

ii.    Diligence undertaken by Plaintiff to discover the truth as alleged in the Complaint.

iii.    Plaintiff's knowledge of the alleged misrepresentations and practices described in the Complaint.

iv.    Plaintiffs' knowledge and sophistication – particularly regarding mortgage finance, securitization, housing markets, and economic cycles.

v.    Plaintiff's alleged reliance on the alleged misrepresentations.

vi.     Documents related to whether the alleged misrepresentations proximately caused any damage to Plaintiff.

vii.    Plaintiff's alleged damages from the alleged misrepresentations and practices described in the Complaint.

viii.   Documents concerning Plaintiff's opportunities and efforts to mitigate loss.

ix.     Documents regarding Plaintiffs' valuation of RMBS and related accounting issues.

The above list is not intended to be exhaustive or exclusive and Defendants reserve the right to seek discovery on additional subjects not enumerated above.

**Have the parties conferred on any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

*Plaintiff's Position:*

The Bank has proposed that the parties complete an agreed questionnaire on electronically stored information so that they can more productively confer on the availability of such information and in what format it should be produced. Because the defendants have removed this case, the Bank submits that they should be required to comply with the Federal Rules and this Court's Local Rules by reporting their position on this point.

*Defendants' Position:*

For the reasons stated above, Defendants believe that all discovery, including discussions regarding the location and production format of electronically stored information, should be deferred until after the Court rules on Plaintiff's motion to remand and, if the Court denies Plaintiff's motion, following Defendants' anticipated motions to dismiss.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

*Plaintiff's Position:*

The Bank suggests an 8-month period of fact discovery to be followed by 4 months of expert discovery.  Because the defendants have removed this case, the Bank submits that they should be required to comply with the Federal Rules by reporting their position on this point.

*Defendants' Position:*

For the reasons stated above, Defendants believe that it is premature to discuss discovery issues at this juncture.  Defendants cannot provide an accurate estimation of the length of fact or expert discovery at this time.  Given the number of parties, documents, and PLMBS at issue in this case, Defendants would expect

that it will take much longer than 12 months to complete discovery in this case, but currently have insufficient information to provide a more precise estimate.

## 11.    Discovery Limitation:

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

*Plaintiff's Position:*

The Bank requests leave to serve up to fifty (50) interrogatories per defendant.  The Bank is not certain as to the number of depositions that it will require at this time because the defendants have not yet identified people with knowledge of discoverable information and the Bank has not yet had an opportunity to review defendants' documents in the course of discovery.  However, the Bank anticipates that it will require substantially more than ten (10) depositions in this action.

In addition, because the defendants have removed this case, the Bank submits that they should be required to comply with the Federal Rules by reporting their position on this point.

*Defendants' Position*:

Defendants do not believe that such modification of the Federal Rules of Civil Procedure is necessary or warranted at this early stage in the proceedings.  In

the event that the facts and circumstances discovered as this litigation proceeds demonstrate a potential need for modification, Defendants will consider such modification at that time.

## 12.   Other Orders:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to submit a joint confidentiality and protective order for the Court's consideration. Plaintiff's position is that the parties should submit that proposed order (or if necessary any competing proposed orders) to the Court on or before April 15, 2011.   Defendants' position is that if and when discovery commences, the parties will meet and confer on an appropriate confidentiality and protective order and present it (or, if necessary, competing proposed orders) for the Court's consideration.

## 13.   Settlement Potential:

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 15, 2011, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:

Lead counsel (signature):         ***/s/H. Lamar Mixson***

Other participants:      Ronan P. Doherty
David G.H. Brackett

Bret R. Hobson

For defendants:

***/s/B. Warren Pope***
for Defendants Countrywide Financial Corporation;
Countrywide Securities Corporation; Countrywide Home Loans, Inc

***/s/Richard H. Sinkfield,***
for Defendant J.P. Morgan Securities, LLC

***/s/John G. Parker***
for Defendant UBS Securities LLC

***/s/Thomas S. Richey,***
for Defendant Bank of America Corporation

Other participants:

Kirsten N. Cunha, for the Countrywide Defendants
Katherine Grayson, for the Countrywide Defendants
Henry Quillen, for Defendant J.P. Morgan Securities, LLC
Brett Rogers, for Defendant J.P. Morgan Securities, LLC

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears there is now:**

\_\_\_\_\_   A possibility of settlement before discovery.

\_\_X\_\_   A possibility of settlement after discovery.

\_\_\_\_\_   A possibility of settlement, but a conference with the judge is needed.

\_\_\_\_\_   No possibility of settlement

(c)    Counsel ( **X** ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference has not yet been determined.

(d)    The following specific problems have created a hindrance to settlement of this case:

None.


14.    **Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    The parties (      ) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20__.

(b)    The parties ( **X** ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 28th day of March 2011.

| | |
|---|---|
| */s/Ronan P. Doherty* | **/s/ Bethany M. Rezek** |
| H. Lamar Mixson | B. Warren Pope |
| Georgia Bar No. 514012 | Ga. Bar No. 583723 |
| *mixson@bmelaw.com* | Bethany M. Rezek |
| David G.H. Brackett | Ga. Bar No. 553771 |
| Georgia Bar No. 068353 | KING & SPALDING LLP |
| *brackett@bmelaw.com* | 1180 Peachtree Street, N.E. |
| Ronan P. Doherty | Atlanta, GA 30309 |
| Georgia Bar No. 224885 | Tel: (404) 572-4600 |
| *doherty@bmelaw.com* | Fax: (404) 572-5100 |
| Bret R. Hobson | |

Georgia Bar No. 882520
*hobson@bmelaw.com*

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel:   (404) 881-4100
Fax:   (404) 881-4111
*Attorneys for Plaintiff the Federal Home*
*Loan Bank of Atlanta*

Adam S. Hakki
Kirsten N. Cunha
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4000
Fax: (646) 848-4000

*Attorneys for Defendants Countrywide*
*Financial Corporation;*
*Countrywide Securities Corporation;*
*Countrywide Home Loans, Inc.*

**/s/ Thomas S. Richey**
Thomas S. Richey
Georgia Bar No. 604525
William V. Custer
Georgia Bar No. 202910
Stacey Godfrey Evans
Georgia Bar No. 298555
BRYAN CAVE LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309
Tel:  (404) 572-6600
Fax:  (404) 572-6999

Jonathan Rosenberg
William J. Sushon
Asher L. Rivner
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for Defendant*

*Bank of America Corporation*

**/s/ Richard H. Sinkfield**
Richard H. Sinkfield
Ga. Bar No. 649100
Brett A. Rogers
Ga. Bar No. 612090
ROGERS & HARDIN
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
Tel: (404) 420-4605
Fax: (404) 230-0970
Brent J. McIntosh
Henry Quillen
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 956-6930
Fax: (202) 293-6330

*Attorneys for Defendant*
*J.P. Morgan Securities, LLC*

**/s/ John G. Parker**
John G. Parker
Ga. Bar No. 562425
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
600 Peachtree Street, NE
Atlanta, GA 30308
Tel: (404) 815-2222
Fax: (404) 685-5222

William F. Sullivan
John S. Durrant
PAUL, HASTINGS, JANOFSKY &
WALKER LLP

515 South Flower Street
Los Angeles, CA  90071
Tel: (213) 683-6000
Fax: (213) 627-0705

*Attorneys for Defendant*
*UBS Securities LLC*

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as modified herein.

IT IS SO ORDERED, this _____ day of _____, 2011.

_____
Judge, United States District Court
for the Northern District of Georgia

**Exhibit A**

*Plaintiff's Jurisdictional Objection:*

The Bank filed this Complaint in the state court of Fulton County, Georgia. The defendants removed the case, asserting that this Court has jurisdiction on the purported bases of (1) diversity jurisdiction; (2) the Bank's federal charter; (3) federal question jurisdiction and (4) "related to" bankruptcy jurisdiction. The Bank has now moved to remand to state court. There is no diversity jurisdiction because the Bank is not a citizen of any state for purposes of diversity jurisdiction. The Bank is not a federal agency and its federal charter does not confer subject matter jurisdiction over every case that happens to involve a Federal Home Loan Bank. And there is no federal question jurisdiction because the Bank has chosen to assert only state law claims. Finally, there is no "related to" bankruptcy jurisdiction because the defendants have not demonstrated that this case bears a "close nexus" to any bankruptcy proceeding. Moreover, even if the defendants could demonstrate any such jurisdiction, 28 U.S.C. § 1334(c)(2) requires the Court to abstain from exercising it in this case. And even if the defendants could overcome both of those jurisdictional hurdles, the Court should equitably remand the case pursuant to 28 U.S.C. § 1452(b).

*Defendants' Position*

As set forth in their notice of removal (Dkt. No. 1), Defendants believe that

**Exhibit A**

each of the following four grounds supports federal jurisdiction over this action: (1) the action is "related to" ongoing bankruptcy proceedings, 28 U.S.C. § 1334(b); (2) Plaintiff is a federally-chartered corporation authorized by Congress "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal," 12 U.S.C. § 1432(a); (3) each defendant asserts with respect to itself, and on information and belief with respect to the other defendants, that complete diversity exists among the parties and the amount in controversy exceeds the value of $75,000, 28 U.S.C. § 1332; and (4) Plaintiff's allegations "arise under" the laws of the United States, 28 U.S.C. § 1331. Defendants respectfully refer the Court to their joint brief in opposition to Plaintiff's motion for remand being filed on this day for additional explanation and supporting authorities.