IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL HOME LOAN BANK OF
ATLANTA,

    Plaintiff,

      v.

COUNTRYWIDE SECURITIES
CORPORATION, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-489-TWT

ORDER

This is a state-law RICO and fraud action.  It is before the Court on the Plaintiff's Motion to Remand [Doc. 46], which is GRANTED.

I.  Introduction

This case arises from the Defendants' sale of private-label mortgage-backed securities to the Federal Home Loan Bank of Atlanta (the "Bank").  The Bank says that the Defendants intentionally misrepresented these securities when they offered them for sale.  It filed a complaint against the Defendants in the State Court of Fulton County alleging: (1) violation of the Georgia RICO statute; (2) fraud; and (3) negligent misrepresentation.  The Defendants removed the case to this Court, citing four independent bases for jurisdiction: (1) federal question jurisdiction; (2) diversity

jurisdiction; (3) the FHLB's federal charter; and (4) "related-to" bankruptcy jurisdiction. The Bank now moves to remand the case to state court. It also asks the Court to award it attorneys' fees it incurred as a result of the removal.

## II.   Standard

On a motion to remand, "a removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). Any doubts about federal jurisdiction should be resolved in favor of remand to state court. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

## III.   Discussion

### A.   Federal Question Jurisdiction

The Defendants say that there is federal question jurisdiction even though there are no federal claims because the Bank's Georgia RICO claim "arises under" federal law. The Georgia RICO statute requires "proof that the defendant committed predicate offenses . . . at least twice." Williams v. Mohawk Industries, Inc., 568 F.3d 1350, 1356 (11th Cir. 2009). The Bank alleges violations of state and federal law as predicate offenses. The Defendants say that these allegations create a federal issue that gives rise to federal question jurisdiction. The Court disagrees.

In Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing, 545 U.S. 308 (2005), the Supreme Court held that a state-law claim

gives rise to federal jurisdiction when it "necessarily raise[s] a . . . disputed and substantial" federal issue.  Id. at 314.  The Eleventh Circuit applied Grable's substantiality test in Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290 (11th Cir. 2008).  Adventure Outdoors involved an investigation of firearms dealers by New York City officials.  After the investigation, the officials publicly accused several dealers of violating a federal statute prohibiting "straw purchase transactions."  One of the firearms dealers sued the officials for defamation in Georgia state court.  Because falsity is an element of a Georgia defamation claim, whether the gun dealer violated the federal statute was a dispositive issue in the case.  The defendants moved to remove the case to federal court based on federal question jurisdiction.  The Eleventh Circuit held that the contested federal issue was not sufficiently substantial to create federal jurisdiction because it did not require the court to interpret the meaning of federal law:

> In our view, [the plaintiffs' allegation] does not amount to an argument about the meaning of federal law. . . . If this case were to reach trial, resolution of the plaintiffs' claims ultimately would require an evaluation of this factual argument. To be sure, the jury would have to apply federal law to reach its decision. But as the Supreme Court explained in Grable, the federal courts have rejected the "expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising-under' door."

Id. at 1300.

Here, the Bank alleges that the Defendants made false statements to an FHLB in violation of 18 U.S.C. § 1014 and engaged in bank fraud in violation of 19 U.S.C. § 1344.  Like in <u>Adventure Outdoors</u>, whether the Defendants committed these offenses appears to be primarily a question of fact.  The Defendants do not identify any dispute over the legal meaning of 18 U.S.C. §§ 1014 and 1344.  Accordingly, the federal interest in this case is not sufficiently substantial to confer federal question jurisdiction.  See <u>McCoy v. Creative Consulting Servs. of Northeast Georgia, Inc.</u>, No. 2:07-CV-0098, 2008 WL 268920, at *2 (N.D. Ga. 2008) ("[M]ere references in a complaint to violations of federal law as predicate acts to a state RICO claim do not, without more, confer federal court jurisdiction."); <u>Austin v. Ameriquest Mortgage Co.</u>, 510 F. Supp. 2d 1218, 1226-27 (N.D. Ga. 2007) (remanding mortgage dispute because "plaintiff's RICO allegations do not rest solely on federal law" and because "[a]t most, the Court must determine whether defendant committed a federal violation, which may serve as a predicate act under Georgia's RICO statute").

B.    <u>Diversity Jurisdiction</u>

The Defendants say that the Bank is a Georgia citizen for diversity purposes. The Court disagrees.  In <u>Bankers Trust Co. v. Texas and Pacific Railway Co.</u>, 241 U.S. 295 (1916), the Supreme Court held that a federally chartered corporation that conducts activities in different states is not a citizen of any state for diversity

purposes.  Id. at 309-10.  There are two exceptions to this rule.  The first exception allows diversity jurisdiction over a federal corporation when Congress specifies a state of citizenship for jurisdiction purposes in the corporation's federal charter.  Here, the FHLB's charter says nothing about making the Bank a Georgia citizen.  12 U.S.C. §§ 1423, 1432.  The Defendants argue that the Bank's organization certificate, which locates the Bank's principal office in Atlanta, confers state citizenship for diversity purposes.  But the organization certificate does not have the force of a federal statute, and even if it did, it does not expressly designate a state of citizenship.

The second exception to the Bankers Trust rule allows diversity jurisdiction over a federal corporation when the corporation's activities are primarily localized in a particular state.  In Loyola Federal Savings Bank v. Fickling, 58 F.3d 603 (11th Cir. 1995), the Eleventh Circuit directed courts to consider a "variety of factors . . . such as the corporation's principal place of business, the existence of branch offices outside the state, the amount of business transacted in different states, and any other data providing evidence that the corporation is local or national in nature."  Id. at 606. Here, it does not appear that the Bank's activities are sufficiently localized to confer Georgia citizenship.  The Bank operates in seven states and the District of Columbia.

(Chapple Decl. ¶ 7.)  Although the Bank's primary office is in Atlanta, it has office space and personnel in the District of Columbia.  (<u>Id.</u> ¶ 9.)  And while 252 of the Bank's members are chartered in Georgia, 858 (77%) are chartered in Alabama, Florida, Maryland, North Carolina, South Carolina, Virginia, or the District of Columbia.  (<u>Id.</u> ¶ 5.)  In addition, more than 95 percent of the Bank's advances are to members who are headquartered outside of Georgia.  (<u>Id.</u> ¶ 8.)  As of December 31, 2010, the Bank had outstanding loans of approximately $3.8 billion to customers in Georgia and approximately $79.8 billion to customers outside of Georgia.  <u>Id.</u>  In light of these factors, the Court finds that the Bank's activities are not sufficiently localized to confer citizenship.  Because neither exception applies, the Court does not have diversity jurisdiction over this case.

      C.    <u>FHLB's Federal Charter</u>

The FHLB's federal charter grants the bank the power "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal."  12 U.S.C. § 1432(a).  Courts are divided on whether this clause automatically confers federal jurisdiction.  Most courts have held that a sue-and-be-sued clause that contains the phrase "of competent jurisdiction" requires an independent basis for jurisdiction. <u>See</u> <u>Industrial Indemnity, Inc. v. Landrieu</u>, 615 F.2d 644, 647 (5th Cir. 1980); <u>Federal Home Loan Bank of Chicago v. Bank of America Funding Corp.</u>, No. 10-C-7560,

2011 WL 151842, at *2 (N.D. Ill. Jan. 18, 2011); Federal Home Loan Bank of San Francisco v. Deutsche Bank Securities, Inc., Nos. 10-3039, 10-3045, 2010 WL 5394742, at *6-8 (N.D. Cal. Dec. 20, 2010); Federal Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc., 736 F. Supp. 2d 1283, 1286 (W.D. Wash. 2010); Federal Home Loan Bank of Seattle v. Barclays Capital, Inc., No. C10-0139, 2010 WL 3662345, at *1-2 (W.D. Wash. Sept. 1, 2010); Federal Nat. Mortg. Ass'n v. Bridgeman, No. 2:10-cv-02619, 2010 WL 5330499, at *6 (E.D. Cal. Dec 20, 2010); Federal Nat. Mortgage Ass'n v. De-Savineau, No. 10-01106, 2010 WL 3397027, at *1 (C.D. Cal. Aug. 25, 2010); Rincon Del Sol, LLC v. Lloyd's of London, 709 F. Supp. 2d 517, 522 (S.D. Tex. 2010). But some courts have held that these clauses automatically confer federal jurisdiction without an independent basis. See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust ex rel. Federal Nat. Mortg. Ass'n v. Raines, 534 F.3d 779 (D.C. Cir. 2008); In re Fannie Mae 2008 Securities Litigation, Nos. 08-Civ-7831, 09-Civ-1352, 2009 WL 4067266, at *3 (S.D.N.Y. Nov. 24, 2009); Allen v. Wilford & Geske, Civ. No. 10-4747, 2010 WL 4983487, at *2 (D. Minn. Dec. 2, 2010); Grun v. Countrywide Home Loans, Inc., No. Civ.A.SA-03-CA -0141-XR, 2004 WL 1509088, at *2 (W.D. Tex. July 1, 2004). The Court agrees with the former interpretation. State and federal courts possess competent jurisdiction only if there is an independent basis for subject matter jurisdiction. The cases adopting the

opposing view rely on <u>American National Red Cross v. Solicitor General</u>, 505 U.S. 247 (1992), in which the Supreme Court held that a federal charter authorizing the Red Cross "to sue and be sued in courts of law and equity, State or Federal" conferred federal jurisdiction. <u>Id.</u> at 251. But because <u>Red Cross</u> did not address the meaning of a sue-and-be-sued clause that contains the phrase "of competent jurisdiction," it is easily distinguishable.

        D.     <u>"Related-to" Bankruptcy Jurisdiction</u>

The Defendants also say that the Court has jurisdiction because this case is "related to" ongoing bankruptcy proceedings. Although none of the parties to this case are in bankruptcy, four of the six defendants have indemnification claims against various bankrupt mortgage loan originators who were involved in the securitizations at issue here. However, even if there is "related to" jurisdiction, 28 U.S.C. § 1334(c)(2) requires the Court to remand state law claims filed in "an appropriate state forum" that can timely adjudicate the case if there is no other basis for federal jurisdiction. The Defendants argue that the state court cannot timely adjudicate the case because it has a large docket. However, the real issue is "whether the administration of the bankruptcy estate will be impaired by adjudication in state court." <u>In re United Container LLC</u>, 284 B.R. 162, 175 (Bankr. S.D. Fla. 2002). Here, the bankruptcy proceedings at issue began almost four years ago. One of the

three mortgage loan originators involved is in Chapter 7 proceedings, and the remaining two have already confirmed liquidation plans in Chapter 11 proceedings. Accordingly, there is no reason to believe that the administration of the bankruptcy estate will be impaired by the adjudication of this case in state court.  See id. at 175 ("In a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant.").

     E.    Attorneys' Fees

Pursuant to 28 U.S.C. § 1447(c), the Bank asks the Court to award it attorneys' fees it incurred as a result of the removal.  In Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005), the Supreme Court held that courts may award attorneys' fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."  Here, the Defendants presented a number of reasonable arguments for removal.  Accordingly, the Bank is not entitled to attorneys' fees.

## IV.  Conclusion

For the reasons stated above, the Plaintiff's Motion to Remand [Doc. 46] is GRANTED, and the Plaintiff's Request for Attorneys' Fees is DENIED.

SO ORDERED, this 22 day of April, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge